PRINCE v. YARBROUGH. (No. 2183.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 4, 1919.)

APPEAL AND ERROR ⟨⟩1002—VERDICT ON CON-
FLICTING EVIDENCE WILL NOT BE DISTURBED
BY THE APPELLATE COURT.

A verdict on conflicting evidence will not be disturbed.

Error from District Court, Smith County; J., R. Warren, Judge.

Action by F. E. Prince against R. F. Yarbrough. From a judgment for defendant, plaintiff brings error. Affirmed.

Prince was in business in Camp county as a manufacturer of crates. Yarbrough was in business in Smith county, as a merchant. In 1915 Prince shipped to Yarbrough, for sale on. commission, it seems, crates worth $2,460.01. The agreement between them was that Yarbrough should sell as many of the crates as he could and account to Prince at any time Prince requested him to do so for crates he had sold and turn back to Prince all crates he had not sold. Notes and accounts covering such of the crates as Yarbrough should sell in a credit were to be carried by Prince until they were paid. On an accounting between them had April 6, 1916, it was ascertained that Yarbrough then had on hand unsold $930.37 worth of the crates; that he held for Prince $863.50 on account of sales he had made of crates for cash; and that he had sold $951.62 worth of crates on credit which had not been paid for. By the terms of the agreement between them Prince was entitled to 70 per cent., or $666.13, of the $951.62 due from those of Yarbrough's customers who had purchased crates on a credit. At the time they had the accounting Yarbrough turned back to Prince the $950.37 worth of unsold crates and paid Prince the $863.50 in cash he held for him. As to the interest of $666.13 owned by Prince in the $951.62 worth of crates sold on credit, Yarbrough alleged that in the settlement between them at the time said accounting was had it was agreed that he should, and that he did, assign and transfer to Prince certain promissory notes made to him by certain of his customers. Yarbrough further alleged that in accordance with said agreement Prince accepted said notes as a satisfaction in full of his said interest of $666.13 in said $951.62 worth of crates sold on credit. Prince denied this, but alleged that, if it should be determined that he did so accept said notes, he was not bound thereby, because, he said, he was induced to accept same by representations which he alleged were false, made to him by Yarbrough, that the makers of the notes were solvent, and that the notes were for crates sold by him to the makers. The suit was by Prince against Yarbrough to recover the $666.13 and $88.46 which he claimed Yarbrough owed to him on account of other crates than the ones hereinbefore referred to. Special issues were submitted to the jury, but their findings thereon are not in the record sent to this court. The appeal by. Prince is from a judgment based on those findings and "the uncontroverted testimony upon other issues," it is recited, in his favor for $88.46 on account of said other crates, and for $77.04 collected by Yarbrough on his account on the notes Yarbrough had assigned to him.

Simpson, Losseter & Gentry, of Tyler, for plaintiff in error.

Hanson & Butler, of Tyler, for defendant in error.

WILLSON, C. J. (after stating the facts as above). There is only one assignment.

It is that the court below erred when he refused to grant Prince's motion for a new trial on the ground that "the verdict and judgment was contrary to and against the great weight and preponderance of the testimony" in particulars specified.

The contention under the assignment is that Prince was not bound by his agreement to accept the notes Yarbrough assigned to him as a satisfaction in full of his interest of $666.13 in the $951.62 due for crates sold on credit, because the testimony showed, it is insisted, that Prince was induced to make the agreement and accept the notes by representations which were false made to him by Yarbrough that the makers of the notes were solvent, and that they (the notes) were for crates sold to the makers. We have read and considered the testimony in the record with reference to the contention, and, as we understand it, it is conflicting as to whether Yarbrough made the representations or not; as to whether, if he did make them, they were true or not; and as to whether, if he did make them and they were false, they induced Prince to make the agreement and accept the notes or not. We think the trial court and the jury had a right to determine the conflict as they did, and that we should not set aside their findings. Therefore the judgment is affirmed.

⚬⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes